## STATE v. BILLY ARCHIE NORKETT.

(Filed 22 March, 1967.)

**1. Criminal Law § 80—**

Where defendant testifies but does not put his character in issue, evidence of prior convictions of other offenses ordinarily is not competent as substantive evidence, and when such evidence, elicited by cross-examination, does not come within any exception to the general rule, it is error for the court to fail to give defendant's request for an instruction that such evidence should be considered solely for the purpose of impeachment.

**2. Criminal Law § 34—**

In a prosecution of defendant for maliciously and unlawfully peeping into a room occupied by a female person, testimony elicited on cross-examination of defendant that he had theretofore been convicted of assault with a deadly weapon and for storebreaking and larceny is not competent as substantive evidence.

APPEAL by defendant from *Froneberger, J.,* October 3, 1966 Regular Schedule "A" Criminal Session of MECKLENBURG.

Criminal prosecution on a warrant charging that defendant on or about July 25, 1966, "did wilfully, maliciously and unlawfully peep secretly into a room occupied by a female person, to wit:

Cora Myers," etc., tried *de novo* in superior court after appeal by defendant from conviction and judgment in the Recorder's Court of the City of Charlotte.

The State's evidence consists of the testimony of Mrs. Cora Myers, and of Mr. Charles Hough, a neighbor of Mrs. Myers, and of Mr. R. T. Chance, a Charlotte Police Officer. Defendant's evidence consists of his own testimony.

The jury returned a verdict of "guilty as charged in the warrant" and judgment, imposing a prison sentence, was pronounced. Defendant excepted and appealed.

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*

*Grier, Parker, Poe & Thompson and A. Marshall Basinger for defendant appellant.*

BOBBITT, J. A review of the evidence is not necessary to decision on this appeal. Suffice to say, the State's case rests principally on the testimony of Mr. Hough; and defendant's testimony, in material respects, is in direct conflict therewith.

No motion for judgment as in case of nonsuit having been made at the conclusion of all the evidence, the question as to whether the evidence was sufficient to withstand such motion is not presented. However, based on assignments properly brought forward, defendant asserts the court committed prejudicial error for which he is entitled to a new trial.

Defendant, on cross-examination, admitted he had been tried and convicted in 1951 for assault with a deadly weapon, and in 1959 for storebreaking and larceny. When defendant's objections to this evidence were overruled, his counsel requested that the court instruct the jury "on how to receive this evidence." The record shows the court responded as follows: "I will when the time comes to instruct them." Immediately thereafter, the court charged the jury, but in doing so, failed to give any instruction bearing upon the limited purpose for which this evidence was competent.

"The general rule is that in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense." *S. v. McClain,* 240 N.C. 171, 81 S.E. 2d 364, and cases and texts cited. "Evidence of other offenses is inadmissible if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent

crime." Stansbury, North Carolina Evidence, Second Edition, § 91. The testimony under consideration does not fall within any of the exceptions to the general rule set forth in *S. v. McClain, supra,* and it does not tend to prove any fact relevant to whether defendant was guilty of the criminal offense for which he was being tried.

Defendant testified, but did not otherwise put his character in issue. For purposes of impeachment, he was subject to cross-examination as to convictions for unrelated prior criminal offenses. However, admissions as to such convictions are not competent as substantive evidence but are competent as bearing upon defendant's credibility as a witness. Stansbury, *op. cit.,* § 112; *S. v. Sheffield,* 251 N.C. 309, 312, 111 S.E. 2d 195, 197.

Under these circumstances, defendant was "entitled, on request, to have the jury instructed to consider (this evidence) only for the purposes for which it is competent." Stansbury, *op. cit.,* § 79; *S. v. Ray,* 212 N.C. 725, 729, 194 S.E. 482, 484. It is noteworthy that, prior to the adoption of the rule now included in Rule 21, Rules of Practice in the Supreme Court, 254 N.C. 803, a defendant was entitled to such instruction even in the absence of request therefor. *S. v. Parker,* 134 N.C. 209, 46 S.E. 511; *Westfeldt v. Adams,* 135 N.C. 591, 47 S.E. 816.

The record shows defendant did request that the court instruct the jury in accordance with the well established legal principles stated above. Failure to give the requested instruction must be held prejudicial error for which defendant is entitled to a new trial.

New trial.