STATE v. JIMMY WILLIAMS.

(Filed 13 December, 1967.)

**1. Criminal Law § 166—**

An assignment of error not brought forward and referred to in the brief is deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Assault and Battery § 14—**

Evidence in this case *held* sufficient to support conviction of defendant of assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death.

**3. Criminal Law § 85—**

Cross-examination of defendant in regard to previous offenses committed by him are competent solely for the purpose of impeaching his credibility as a witness, but where defendant does not request the court to instruct the jury to consider such testimony solely for the purpose for which it is competent, an exception thereto cannot be sustained.

**4. Criminal Law § 95—**

Where evidence competent for a restricted purpose is offered generally, it is incumbent upon the opposing party to request the court to restrict its admission. Rule of Practice in the Supreme Court No. 21.

APPEAL by defendant from *Copeland, Special Judge,* May 1967 Session of NEW HANOVER.

Defendant was tried on a bill of indictment charging that defendant, on September 27, 1966, committed a felonious assault on one Delores Summers, to wit, an assault with a deadly weapon (shotgun) with intent to kill inflicting serious injuries not resulting in death, the felony created and defined by G.S. 14-32.

Defendant, an indigent, was represented at trial and is represented on appeal by court-appointed counsel.

Evidence was offered by the State and by defendant. Defendant's evidence consists solely of his testimony.

Evidence for the State tends to show the following: Defendant, who resided in Onslow County, and David Moore, who resided in Pender County, drove to Wilmington, N. C., in Moore's car. In Wilmington, they met Delores Summers and her friend, Brenda Burnett, in "a little joint" called Anchors Inn. Upon leaving Anchors Inn, they went to White Front Grill; and thereafter they rode around in Moore's car. Brenda got out and went to her home. Delores, refusing defendant's insistent request that she go to Jacksonville with him, got out of the car and started towards her home. When she had walked twenty-five feet from him, defendant, using "a little sawed-off shotgun," shot Delores in the back. Shotgun pellets made "approximately 125 puncture wounds in her body," and extended from her knee joint "right up to the top of her head." Delores made her way to the porch of a nearby house. The residents of the house found her, bleeding, "lying in the door, with her head against the door . . ." She was taken to the hospital by a police officer. There she received emergency treatment, which included the removal of some, although not all, of the pellets. Defendant and Moore left the scene immediately after the shooting.

Defendant's testimony is to the effect Moore had become angry with Delores; that Moore brought out the shotgun and threatened to shoot Delores; that he, in order to prevent this, scuffled with Moore for possession of the shotgun; and that the shotgun discharged

accidentally and thereby inflicted the injuries to the back of Delores. Moore was not a witness. 'He was "supposed to be in New York" and could not be reached.

The jury returned a verdict of "guilty as charged in the bill of indictment," and the court pronounced judgment imposing a prison sentence of not less than five nor more' than seven years. Defendant excepted and appealed. Thereupon, the court ordered that New Hanover County pay the necessary costs incident to perfecting defendant's appeal.

*Attorney General Bruton and Staff Attorney Vanore for the State. O. K. Pridgen, II, for defendant appellant.*

PER CURIAM. The assignment of error directed to the court's denial of defendant's motion for judgment as in case of nonsuit is not referred to in defendant's brief and therefore, under our Rule 28, is taken as abandoned by defendant. The assignment was without merit and rightly considered so by defendant's counsel.

The only assignment of error brought forward by defendant and discussed in his brief relates to testimony, elicited on cross-examination of defendant, relating to prior *convictions* of defendant for unrelated criminal offenses.

Defendant testified, but did not otherwise put his character in issue. For purposes of impeachment, he was subject to cross-examination as to convictions for unrelated prior criminal offenses. However, admissions as to such convictions are not competent as substantive evidence but are competent as bearing upon defendant's credibility as a witness. Stansbury, North Carolina Evidence, Second Edition, § 112; *State v. Sheffield,* 251 N.C. 309, 312, 111 S.E. 2d 195, 197. Under these circumstances, defendant was "entitled, *on request,* to have the jury instructed to consider (this evidence) only for the purposes for which it is competent." (Our italics.) Stansbury, *op. cit.,* § 79; *State v. Norkett,* 269 N.C. 679, 153 S.E. 2d 362. Defendant assigns as error the court's failure to so instruct the jury with reference to defendant's admissions as to his prior criminal convictions; but, defendant having failed to request that the court so instruct the jury, the assignment is without merit.

"It is a well recognized rule of procedure that when evidence competent for one purpose only and not for another is offered it is incumbent upon the objecting party to request the court to restrict the consideration of the jury to that aspect of the evidence which is competent." *State v. Ray,* 212 N.C. 725, 729, 194 S.E. 482, 484. This is in accord with our Rule 21 which, in pertinent part, provides: ". . . nor will it be ground of exception that evidence competent

for some purposes, but not for all, is admitted generally, unless the appellant asks at the time of admission, that its purpose shall be restricted." Rules of Practice in the Supreme Court, 254 N.C. 783 *et seq.*

Defendant having failed to show prejudicial error, the verdict and judgment will not be disturbed.

No error.