STATE OF NORTH CAROLINA v. RICHARD DEWAYNE McCLOUD

No. 6918SC520

(Filed 14 January 1970)

**1. Criminal Law § 75— admissibility of confession — findings by court on voir dire**

Testimony by police officers concerning an oral confession made by defendant was properly admitted where the trial court found upon competent evidence presented by the State on *voir dire* that prior to making any statement defendant was warned of his constitutional rights as required by *Miranda*, and that his statements to police officers were freely, understandingly and voluntarily made without duress, promise or hope of reward offered or threat made against him.

**2. Criminal Law § 75— admissibility of confession — unlawful initial arrest**

Defendant's contention that his confession was rendered inadmissible because his initial arrest was unlawful is without merit, defendant having been in lawful custody at the time he confessed since he had been served with warrants charging him with certain of the crimes for which he was tried, and every statement made by a person in custody as a result of an illegal arrest not being *ipso facto* involuntary and inadmissible.

**3. Criminal Law § 76— admissibility of confession — delay of preliminary hearing — excessive bail**

Defendant's contention that the trial court was required to find that his confession was coerced because he was being held under excessive bail and his preliminary hearing was delayed is without merit, where no evidence introduced on *voir dire* or at any other time during the trial would indicate that defendant's confession was the product of any requirement of excessive bail or of any delay in granting him a preliminary hearing.

**4. Criminal Law § 76—— admissibility of confession —— voir dire hearing —— necessity for findings of fact**

Where there is no conflict in the evidence presented at a *voir dire* hearing to determine the admissibility of a confession, it is not essential, though it is desirable, that the judge make findings of fact.

**5. Criminal Law § 76—— admissibility of confession —— uncontradicted voir dire evidence —— sufficiency of court's findings**

Where the trial court made detailed findings on *voir dire* as to the giving of *Miranda* warnings to defendant prior to his confession, it was not essential that the court make further detailed findings as to all of the other circumstances of the interrogation in the absence of any conflict in the *voir dire* evidence, the findings made by the court being sufficient, when considered with other facts established by the uncontradicted *voir dire* evidence, to support the ruling admitting testimony of the confession.

**6. Criminal Law §§ 83, 42; Burglary and Unlawful Breakings § 10—— articles found in car occupied by another —— admissibility against defendant**

In this prosecution for possession of burglary tools, safecracking, breaking and entering and larceny, defendant's connection with certain tools and other articles found in a car owned and operated by another person was sufficiently established to render them admissible against defendant, where defendant's confession placed him in the car and in joint possession of the articles with the car's owner during the time the crimes were committed.

**7. Criminal Law § 84; Searches and Seizures § 1—— search without a warrant —— articles in plain view —— search incident to lawful arrest**

In this prosecution for possession of burglary tools, safecracking, breaking and entering and larceny, tools and other articles admitted in evidence were not gained by an illegal search and seizure without a warrant, where officers observed most of the tools on the floor of a car, the officers immediately placed the owner and sole occupant of the car under arrest for unlawful possession of burglary tools, and as an incident to such arrest the officers further searched the car and discovered stolen money and other articles in the glove compartment, no search warrant being required for articles in plain view or for a search incident to a lawful arrest.

**8. Criminal Law §§ 34, 169—— evidence indicating other offenses committed by defendant —— harmless error**

In this prosecution for possession of burglary tools, safecracking, breaking and entering and larceny, the trial court did not commit prejudicial error in refusing to strike testimony of a police officer, relating to interrogation of defendant, that one of the officers told defendant that "he wanted to talk to him with reference to some breakings and enterings we had been having in the city, and also about some money and coins that were found in the motel room where he was arrested," although the testimony should have been stricken as possibly indicating other offenses for which defendant was not being tried, since refusal to strike the testimony could not have affected the outcome of the trial.

**9. Criminal Law § 86— prior offenses — cross-examination of defendant**

For purposes of impeachment, defendant who takes the stand is subject to cross-examination as to convictions and indictments for prior criminal offenses.

**10. Constitutional Law § 30— speedy trial — delay between arrest and trial**

Defendant was not denied the right of a speedy trial by a delay of approximately three and one-half months between his arrest and trial.

**11. Burglary and Unlawful Breakings § 9— unlawful possession of burglary tools — elements of offense**

In a prosecution for unlawful possession of burglary tools in violation of G.S. 14-55, the burden is on the State to show (1) that the person charged was found having in his possession an implement or implements of housebreaking enumerated in or which come within the meaning of the statute, and (2) that such possession was without lawful excuse.

**12. Burglary and Unlawful Breakings § 10— unlawful possession of burglary tools — instructions — burden of proving lawful excuse**

In this prosecution for unlawful possession of burglary tools, the trial court committed prejudicial error in instructing the jury that defendant had the burden of proving lawful excuse, notwithstanding the court correctly placed the burden of proof on the State in other portions of the charge.

APPEAL by defendant from Collier, J., 7 July 1969 Session of GUILFORD Superior Court.

Defendant was tried on his pleas of not guilty to separate bills of indictment charging him with (1) possession of burglary tools, (2) safecracking, and (3) breaking and entering, larceny, and receiving stolen property. The cases were consolidated for trial. The State's evidence showed: On Friday morning 28 March 1969 officials of the Florida Street Baptist Church in Greensboro, N. C. discovered that the church building had been broken into during the preceding night and the door on the office safe therein had been forced open. When the safe had been closed on the preceding afternoon, it had contained approximately $50.00 in cash. Earlier on the morning of 28 March 1969, at approximately 3:30 a.m., two Greensboro police officers in a police patrol car observed a car occupied by two young white males stopped at an intersection. Deciding to check it, the police car made a U-turn and got in behind it. The car under investigation then proceeded through the intersection on a red light and accelerated to a high rate of speed. The officers pursued the car for several blocks until it slowed down abruptly, when the occupant on the passenger's side jumped out and ran, making good his escape. The

officers were unable to identify this person but did observe him carry some article from the car, which he dropped about 30 feet from the car. This was found to be a metal box containing work gloves, a pistol holster and belt, and various tools. The driver of the car, one Jack Jordan, was apprehended and placed under arrest for running through the red light. Jordan was later found to be the owner of the car. The officers observed on the floorboard of the car two flashlights, a metal pry bar, a .22 caliber pistol, a small crowbar, a large screwdriver, and a pair of work gloves. After observing these tools, they informed Jordan he was under arrest at that time for possession of burglary tools as well as for running the red light. One of the officers then searched the glove compartment of the car and found therein an envelope containing $47.60. Part of this money was wrapped in a blue container on which were stamped the words "Florida Street Baptist Church."

At about 7:00 a.m. on the same morning, 28 March 1969, defendant was arrested at a Greensboro motel where he was registered under an assumed name and occupied room 108 with his girl friend. Jordan and his girl friend had occupied room 106 at the same motel. Defendant was initially arrested without a warrant on a charge of occupying the room for immoral purposes. Upon his arrest, defendant was taken to the police department and questioned concerning the break in at the Church and other crimes, but denied any guilt. On the same day, 28 March 1969, defendant was served with warrants charging him with possession of burglary tools and breaking and entering, larceny and receiving, in connection with the break in at the Church. The officers testified that they next interrogated defendant on the following Monday morning, 31 March 1969, and at that time he stated to them that he and Jordan had broken into the Church, forced open the safe, had taken about $50.00 out of the safe, which was the money found in the glove compartment of Jordan's car, and that when the police officers had followed them, he had jumped out and run and had then gone back to the motel. After this interrogation defendant was served with a warrant charging the offense of safecracking.

The defendant testified in his own behalf. He admitted that he and his girl friend had come with Jordan and the latter's girl friend from South Carolina and had registered at the motel, but he denied any knowledge of the crimes for which he was charged or that he had made any admissions to the police officers.

The jury found defendant guilty on all charges. Judgments were imposed sentencing defendant to prison for a term of ten years on

the charge of possession of burglary tools, for a term of ten years for breaking and entering, for a term of ten years for larceny, and for a term of not less than 25 nor more than 40 years for safecracking, all sentences to run concurrently. From these judgments, defendant appealed.

   *Attorney General Robert Morgan, Staff Attorney (Mrs.) Christine Y. Denson, and Staff Attorney T. Buie Costen, for the State.*

   *Forrest E. Campbell for defendant appellant.*

PARKER, J.

[1]   Defendant assigns as error the admission in evidence of testimony by the police officers concerning his oral confession. This testimony was admitted only after the court had held a *voir dire* examination into the circumstances under which defendant's confession had been made. The defendant did not testify at this *voir dire* examination, and there was no conflict in the evidence presented. At the conclusion of the *voir dire,* the court found as a fact that prior to making any statement the defendant was properly warned of his constitutional rights as required by *Miranda,* making detailed findings in this regard, and that his statements to the police officers had been freely, understandingly, and voluntarily made without duress, promise or hope of reward offered or threat made against him. These findings are fully supported by the evidence presented at the *voir dire* and in turn support the trial court's ruling admitting in evidence the testimony as to defendant's confession.

[2]   Defendant's argument that his confession was rendered inadmissible because his initial arrest was unlawful is without merit. On the same day he was first taken into custody he was properly served with warrants charging him with certain of the crimes for which he was tried, and at the time he confessed he was in lawful custody. Furthermore, even if it be conceded that his initial arrest was illegal ". . . every statement made by a person in custody as a result of an illegal arrest is not *ipso facto* involuntary and inadmissible, but the facts and circumstances surrounding such arrest and the in-custody statement should be considered in determining whether the statement is voluntary and admissible. Voluntariness remains as the test of admissibility." *State v. Moore,* 275 N.C. 141, 153, 166 S.E. 2d 53, 62.

[3]   Nor is there merit in defendant's argument that the trial court was required to find that his confession was coerced because he was being held under excessive bail and his preliminary hearing was de-

layed until Tuesday, 1 April 1969. No evidence introduced at the *voir dire* or at any other time during the trial would indicate that defendant's confession was the product of any requirement of excessive bail or of any delay in granting him a preliminary hearing. Defendant himself did not so contend when he testified in his own defense; rather, he simply denied that he had ever made any confession.

[4, 5]    There is also no merit in defendant's contention that the judge's findings on the *voir dire* were not sufficiently complete and were more in the nature of conclusions than findings of fact. Since there was no conflict in evidence at the *voir dire,* it was not essential, though certainly it was desirable, that the judge make findings of fact. *State v. Fuqua,* 269 N.C. 223, 152 S.E. 2d 68; *State v. Keith,* 266 N.C. 263, 145 S.E. 2d 841. In this case the judge did make detailed findings concerning the prior warnings which had been given defendant as to his *Miranda* rights. In the absence of any conflict in the evidence at the *voir dire* it was not essential that he make further detailed findings as to all of the other circumstances of the interrogation. The findings of fact he did make were supported by the evidence, and these findings, when considered with the other facts established by the uncontradicted evidence at the *voir dire,* fully support his ruling.

[6, 7]    Defendant assigns as error the admission in evidence over his objection of the tools and other articles found by the police in the car owned and operated by Jordan. In this connection he contends: (1) There was no sufficient evidence to connect him with these articles to make them admissible in evidence against him, and (2) the articles were obtained by an illegal search and for that reason were not admissible. There is no merit to this assignment of error. On the first point, defendant's confession placed him in the car and in joint possession with Jordan of the articles involved during the time the crimes for which he was tried were committed. This sufficiently connected defendant with the articles to make them admissible in evidence against him. As to the second point, most of the tools and other articles involved were observed by the officers in plain view on the floor of the car. As to these, no search warrant would have in any event been required. *State v. Craddock,* 272 N.C. 160, 158 S.E. 2d 25; *State v. Giles,* 254 N.C. 499, 119 S.E. 2d 394. Upon observing these articles, the officers immediately placed Jordan under arrest for unlawful possession of burglary tools. A further search conducted at that time and as an incident to the arrest of Jordan revealed the stolen money and other articles in the glove

compartment of the car. Since the search was clearly incidental to the lawful arrest of Jordan, who was the owner and present in possession of the car, no search warrant was required and the search was legal even as to him. *State v. Bell*, 270 N.C. 25, 153 S.E. 2d 741; *State v. Haney*, 263 N.C. 816, 140 S.E. 2d 544; Annotation, 19 A.L.R. 3rd 727. Even had the search been illegal as to Jordan, it is questionable if the defendant, who was not the owner or in possession of the car, had standing to raise any objection as to the manner of the search. Ordinarily "(t)he right to immunity from unreasonable searches and seizures is personal, and can be asserted only by him whose rights are violated." 47 Am. Jur. 2d, Searches and Seizures, § 11, p. 508. Since the search without a warrant here was in any event legal, it is not necessary for us to decide whether defendant would have had standing to take advantage of the exclusionary rule provided by G.S. 15-27 as now enacted.

[8, 9]    Defendant's assignments of error 10 and 14, relating to admission in evidence of testimony as to other criminal offenses, are also without merit. Assignment No. 10, based on exception No. 37, was directed to the court's overruling of defendant's motion to strike made when a police officer, testifying for the State concerning the interrogation of defendant which had been made by the officers, stated that one of the officers had told defendant that "he wanted to talk to him with reference to some breaking and enterings that we had had here in the city, and also about some money and coins that was found in the motel room where he was arrested." The latter part of the statement was the only indication of any charge against defendant which might have been unconnected with the offenses for which he was being tried. While the motion to strike should have been granted, its refusal could hardly have affected the outcome of the trial. "A new trial will not be granted for mere technical error which could not have affected the result, but only for error which is prejudicial or harmful, amounting to the denial of a substantial right." 1 Strong, N.C. Index 2d, Appeal and Error, § 47, p. 192. Defendant's assignment of error No. 14, based on his exceptions 43 and 44, related to questions asked by the solicitor of the defendant when the latter took the stand as a witness. For purposes of impeachment, defendant was subject to cross-examination as to convictions and indictments for prior criminal offenses. *State v. Goodson*, 273 N.C. 128, 159 S.E. 2d 310; *State v. Williams*, 272 N.C. 273, 158 S.E. 2d 85; Stansbury, N.C. Evidence 2d, § 112, p. 254. Absent a request that such evidence be restricted for purposes of impeachment, the failure to give such an instruction is not error. *State v. Williams, supra;* Stansbury, N.C. Evidence 2d, § 79, p. 174. In the present case the

STATE v. McCLOUD

trial judge, even without a request from defendant, did include such an instruction in the charge.

[10] There is no merit in defendant's contention that his rights have been violated by denial of a speedy trial. Defendant was arrested 28 March 1969 and was tried in July, 1969. The delay of approximately three and one-half months is to be contrasted with the four-year delay between issuance of arrest warrant and return of indictment which our Supreme Court found inexcusable in *State v. Johnson*, 275 N.C. 264, 167 S.E. 2d 274.

We have examined all of defendant's remaining assignments of error and find them to be without merit except for assignment No. 21 which is based on defendant's exception No. 52. This related to the portion of the judge's charge to the jury concerning the case against defendant for possession of burglary tools without lawful excuse, a violation of G.S. 14-55. In this connection, the court charged:

> "Now, when a person is charged with possession of implements of housebreaking, the burden of proving lawful excuse is on the person so charged. That burden is discharged by the accused if he proves that the alleged implement of housebreaking, or capable of being used for that purpose, is a tool used by him in his trade or business."

[11, 12] In a prosecution for violation of G.S. 14-55 "the burden is on the State to show two things: (1) That the person charged was found having in his possession an implement or implements of housebreaking enumerated in, or which come within the meaning of the statute quoted above, and (2) that such possession was without lawful excuse." *State v. Godwin*, 269 N.C. 263, 266, 152 S.E. 2d 152, 154. While in other portions of the charge the trial judge correctly placed the burden of proof upon the State, the portion of the charge quoted above, in which the judge inadvertently placed a burden upon the defendant to prove lawful excuse, was prejudicial error, since it is impossible to know which portion of the charge was followed by the jury. This requires a new trial of the defendant in the case based on the indictment against him for unlawful possession of burglary tools.

The result is: As to the judgments in the cases for safecracking, breaking and entering, and larceny,

Affirmed.

As to the judgment in the case for possession of burglary tools,

New trial.

CAMPBELL and GRAHAM, JJ., concur.