STATE OF NORTH CAROLINA v. DANIEL LEE LONG

No. 735SC731

(Filed 12 December 1973)

1. Automobiles § 3— driving after license revoked — sufficiency of evidence

The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of operating a motor vehicle on a public highway while his license was revoked where defendant stipulated that his license had been permanently revoked prior to the incident in question, and a Highway Patrolman testified that he found defendant sitting in the driver's seat of the car some 30 seconds after

State v. Long

he observed the car being driven from the traveled portion of the highway onto the shoulder, and that when he tapped on the window defendant and a female companion exchanged places in the front seat.

2. Criminal Law § 102— jury argument — diagram by solicitor — objection sustained — absence of instruction to disregard

Where the court sustained defendant's objection to a diagram drawn on the blackboard by the solicitor during his jury argument, defendant was not prejudiced by the court's failure to instruct the jury to disregard any reference to the diagram.

3. Criminal Law §§ 86, 119— prior convictions — impeachment — necessity for limiting instructions

In a prosecution of defendant for driving while his license was suspended, the trial court did not err in failing to instruct the jury that evidence of defendant's previous convictions for violations of motor vehicle laws was not competent as substantive evidence but was competent only as bearing on his credibility as a witness where defendant made no request for such an instruction until the jury had begun its deliberations. G.S. 1-181.

APPEAL by defendant from *Rouse, Judge,* 21 May 1973 Schedule "B" Criminal Session of Superior Court held in NEW HANOVER County.

Defendant was charged in a warrant with operating a motor vehicle on a public highway on 16 March 1973 while his operator's license was revoked. He was convicted in the District Court and appealed. At trial *de novo* in the Superior Court, defendant's counsel stipulated that defendant's operator's license was, as of 16 March 1973, permanently revoked. The State's only witness was the arresting Highway Patrolman, who testified in substance as follows: At approximately 11:55 p.m. on 16 March 1973 he was driving his patrol car on U. S. Highway 421 traveling south toward Carolina Beach. At that point the highway is a straight, four-lane road, with a median between the north and southbound lanes. He observed a Rambler automobile traveling north on the highway. The Rambler decreased its speed and pulled over to the shoulder of the road. The patrol car was then right at a crossover, and the patrolman, thinking the driver of the Rambler possibly was having trouble with his car, crossed over the median and turned his patrol car in the same direction that the Rambler was going. The patrolman testified:

"I was driving approximately 45 or 50 miles an hour, I slowed down right at the median to get back up to

where, behind the car, and it was probably no longer than 30 seconds, between the time I crossed the median and came up behind this car. This car was approximately 100 feet north of the median at that time. I had to travel only a 100 feet to come up behind the car. At this time I pulled up behind the car with my lights on bright and stepped out of the car with my flashlight and started to the car, at this time there was a man sitting under the driver's seat with the motor running, and there was a woman beside him and he had his arm around her in such a manner as to embrace, and I tapped on the window and there was a sort of scramble. At this time there was a sort of scramble like they were switching drivers.

"The woman switched drivers (sic) with the male driver who was sitting under the wheel. He crawled over her and she slid under him. The front seat was a bench type seat. I was standing at the driver's door when I saw this. There was nothing to obstruct my view and keep me from seeing in the car. I had the flashlight and was right at the window. When I walked up the male was sitting in the seat on the driver's side and the female in the passenger's seat. The male who was sitting under the wheel is Mr. Long, the defendant."

\*       \*       \*       \*       \*

"From the time I first observed this vehicle going up the road, I made my turn and kept the car in observation the whole time. The weather conditions were clear. There was nothing to keep me from observing this car all of the time until it stopped. I made my left turn and I checked back on the traffic from my right and there was none coming, and as soon as I made the turn I was facing right at the car. I was facing the car and the lights were shining in the car. I could not identify the people in the car, but I could see people inside the car.

"The car was actually stopped by the time I turned around. I don't know if Mr. Long and his female companion had switched places before I got there or not.

"If they had switched before I got there, they switched again after I got there."

Defendant testified that he had not driven the car at any time that night; that his girl friend had driven the car to

where it was stopped off of the road; that the car had been parked some ten minutes before the officer came up; and that when the officer came up, he was sitting beside his girl and on the passenger's side at all times.

The jury found defendant guilty, and from judgment imposing a sentence of imprisonment, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney John R. Morgan for the State.*

*Stephen E. Culbreth for defendant appellant.*

PARKER, Judge.

Appellant assigns error to the denial of his motions for a directed verdict of not guilty made at the close of the State's evidence and renewed at the close of all of the evidence. In a criminal case the motion for a directed verdict of not guilty, like the motion for judgment of nonsuit, challenges the sufficiency of the evidence to take the case to the jury, *State v. Glover*, 270 N.C. 319, 154 S.E. 2d 305; *State v. Woodlief*, 2 N.C. App. 495, 163 S.E. 2d 407, and in passing upon such a motion the same rule applies, i.e., the evidence must be viewed in the light most favorable to the State and the State must be given the benefit of all inferences in its favor which may be reasonably drawn. When so viewed, the evidence in this case was sufficient to require submission of the case to the jury and to support the verdict rendered.

[1] Defendant stipulated that on the date he was arrested his operator's license was permanently revoked. All of the evidence showed that on that date the car in which defendant was riding had been operated upon a public highway by someone. The patrolman's testimony that he found defendant sitting in the driver's seat only a few seconds after he observed the car being driven from the traveled portion of the highway to its parking place on the shoulder of the road gave rise to a reasonable inference that defendant had been the driver. The case was properly submitted to the jury and there was no error in denying defendant's motions for a directed verdict.

[2] While arguing to the jury, the solicitor drew a diagram on the blackboard in the courtroom. Defendant's counsel objected, and the trial judge sustained the objection. Appellant now contends that he suffered prejudicial error in that the trial

judge, after sustaining the objection, failed to go further and to instruct the jury to disregard any reference to the diagram. The contention is feckless. While the record does not disclose what the diagram purported to show, appellant's brief states that it was "a diagram of the arrest scene," but does not contend that as such it was in any way inaccurate nor does appellant give any reason to support his contention that he suffered any prejudice by reason of the fact that the solicitor drew the diagram and referred to it during the course of his argument to the jury. Appellant's assignment of error to the trial judge's failure to do more than sustain his objection to the diagram is overruled.

[3] Finally, appellant assigns as error that the trial judge failed to charge the jury that evidence of the defendant's previous driving record goes only to the defendant's credibility and is not substantive evidence of his guilt on this occasion. In this case defendant testified but did not otherwise put his character in issue. During cross-examination the solicitor asked him concerning his prior convictions and defendant admitted that he had been convicted on several different occasions for violations of the criminal laws relating to operation of motor vehicles. For purposes of impeachment, defendant was subject to cross-examination as to his convictions for unrelated prior criminal offenses, 1 Stansbury's N. C. Evidence, Brandis Revision, § 112, including convictions for violations of motor vehicle laws. *Ingle v. Transfer Corp.*, 271 N.C. 276, 156 S.E. 2d 265. However, in this case defendant's admissions as to such convictions were not competent as substantive evidence but were competent only as bearing on his credibility as a witness, and he was entitled, upon making timely request, to have the jury so instructed. *State v. Norkett*, 269 N.C. 679, 153 S.E. 2d 362. However, the record shows that no such timely request for an instruction was made in this case. No objection was noted to any question asked by the solicitor during cross-examination of the defendant nor was the trial judge requested to make the limiting instruction at any time during the trial up to and including the time the court completed its charge to the jury. G.S. 1-181 provides, among other things, that requests for special instructions must be in writing and must be submitted to the trial judge before the judge's charge to the jury is begun. The record in this case shows that only after the jury retired to consider their verdict did defendant's counsel ask the judge if he could "have instructions as to any previous record." The

judge answered that he would "call them back if you want me to." To this, defendant's counsel replied, "No, sir. I have argued it to them." Thus, in this case not only was no timely request made, but defendant's counsel seems to have waived such request as he did make.

Absent a request in apt time to limit the evidence of defendant's prior convictions to impeachment purposes, the trial judge was not required to give such instructions. *State v. Goodson,* 273 N.C. 128, 159 S.E. 2d 310; *State v. Williams,* 272 N.C. 273, 158 S.E. 2d 85.

Defendant has failed to show prejudicial error and the verdict and judgment will not be disturbed.

No error.

Chief Judge BROCK and Judge VAUGHN concur.