State v. Lawson

---

STATE OF NORTH CAROLINA v. DONALD SAMUEL LAWSON

No. 733SC621

(Filed 12 December 1973)

1. **Criminal Law § 75— incriminating statement by defendant — voluntariness**

In a drunken driving case, evidence on *voir dire* that defendant was arrested for public intoxication, placed in a patrol car and given the *Miranda* warnings and that defendant was asked a series of questions and admitted that he was the driver of his automobile was sufficient to support the trial court's finding that defendant's statements were understandingly and voluntarily made.

2. **Automobiles § 127— drunken driving — sufficiency of evidence**

The trial court in a drunken driving case properly denied defendant's motion for nonsuit where the evidence tended to show that defendant was behind the wheel of a vehicle, the motor was running, the lights were on, defendant was intoxicated, and by his own incriminating statements defendant admitted he was the driver of the automobile.

APPEAL by defendant from *Rouse, Judge,* 30 April 1973 Session of Superior Court held in CARTERET County.

This is a criminal action in which defendant, Donald S. Lawson, was charged with driving an automobile on the public highway while under the influence of intoxicating liquor.

The State's evidence tended to show that on 20 January 1973 at approximately 1:40 a.m., Officer Askew of the Highway Patrol observed defendant in a car backed in a ditch on Old Highway 70. Defendant was sitting behind the wheel of the car, with the motor running and the lights on. The Officer assisted defendant in getting out of his car and at that time noticed that defendant was under the influence of some intoxicating beverage. Defendant was then arrested for appearing in a public place in an intoxicated condition, placed in a patrol car, and advised of his constitutional rights. In response to a question asked by the patrolman, the defendant admitted that he was operating the vehicle when it left the highway. After the officer completed his investigation, he took the defendant to the police department in Newport, where he was given a breathalyzer test which registered a reading of .35.

The defendant offered evidence tending to show that he was not driving the automobile on this occasion but rather that the vehicle was being driven by another person whose lack of familiarity with the operation of the car caused the vehicle to run into the ditch.

Defendant was found guilty as charged and sentenced to jail for six (6) months, suspended for fifteen (15) months on condition that he not operate a motor vehicle for fifteen (15) months and pay a fine of $150.00 and costs. Defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Ralf F. Haskell for the State.*

*Wheatly and Mason by L. Patton Mason for defendant appellant.*

HEDRICK, Judge.

[1]    Seven of defendant's assignments of error, in effect, serve to raise only one issue: Did the court err in admitting into evidence over defendant's objection defendant's inculpatory statements made to the highway patrolman at the scene after the defendant had been arrested for public drunkenness?

When the State proposed to offer into evidence the defendant's incriminating statements, the defendant objected, and the

trial court, following the accepted practice, conducted a voir dire into the circumstances surrounding the challenged statements. *State v. McRae,* 276 N.C. 308, 172 S.E. 2d 37 (1970); *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1 (1966). On voir dire the State offered evidence that the defendant was arrested for public intoxication, placed in a patrol car and given the Miranda warnings. In response to a series of questions asked by the patrolman, the defendant admitted, among other things, that he was the driver of the automobile. The defendant presented no evidence on voir dire and at the conclusion of the voir dire, the trial judge made findings of fact which included the finding that the defendant had been advised of his constitutional rights. Based upon the facts found, the trial judge concluded as a matter of law that the defendant's statements were voluntarily and understandingly made, and thus admissible. The trial judge did not make an express finding of fact as to whether defendant's intoxicated condition was such as to prevent him from comprehending the import of the Miranda warnings; however, there being no conflict in the evidence, it was not incumbent upon the trial judge to make a finding of fact as to this matter. *State v. Lynch,* 279 N.C. 1, 181 S.E. 2d 561 (1971); *State v. Bishop,* 272 N.C. 283, 158 S.E. 2d 511 (1967); *State v. McCloud,* 7 N.C. App. 132, 171 S.E. 2d 470 (1969).

Since there was plenary competent evidence to support the court's findings, those findings are binding on this court, and the findings support the conclusion that the challenged statements were understandingly and voluntarily made. *State v. Haskins,* 278 N.C. 52, 178 S.E. 2d 610 (1970); *State v. McCloud, supra.*

[2] Next, defendant contends that the trial court committed error in denying his motion for nonsuit. The evidence, when considered in the light most favorable to the State, establishes that defendant was behind the wheel of the vehicle, the motor was running, the lights were on, defendant was intoxicated, and by his own incriminating statements defendant admitted he was the driver of the automobile. This evidence is sufficient to withstand the motion for nonsuit. *State v. Haddock,* 254 N.C. 162, 118 S.E. 2d 411 (1961).

Also without merit is defendant's assertion that the trial court erred in its charge to the jury with regard to the presumption created by the breathalyzer reading of over .10. The portion

of the charge in question, when considered with the charge in its entirety, did not suggest, as defendant contends, that the defendant was required to offer proof of rebuttal or that the burden of proof had shifted to the defendant but rather indicated that the burden of proof remained on the State to satisfy the jury beyond a reasonable doubt of all elements of the crime charged.

In defendant's trial, we find

No error.

Judges MORRIS and VAUGHN concur.