STATE OF NORTH CAROLINA v. PHILLIP DIETZ

No. 7530SC329

(Filed 5 November 1975)

1. **Constitutional Law § 30— delay between offense and notification of charges — reason for delay not in evidence — evidentiary hearing required**

In a prosecution for possession and sale of marijuana on 17 May 1974 where the evidence tended to show that shortly after that date the State possessed all of the evidence which it presented at defendant's trial, no warrant was ever served on defendant, the bill of indictment was not returned as a true bill until 30 September 1974, and even after that it was not until sometime in November that defendant was informed of the exact charges against him, the trial court should have held a hearing to determine the reason for the State's delay in bringing the charges against defendant, whether the delay was justified, or whether prejudice to defendant in fact resulted.

2. **Constitutional Law § 30— speedy trial — necessity for evidentiary hearing on issue**

The trial judge is not required to hold an evidentiary hearing each time a defendant contends that he has been denied a speedy trial;

State v. Dietz

however, where there has been an unexplained delay and a substantial showing that the delay may have impaired defendant's ability to present a defense, the trial judge should hold a sufficient hearing to permit him to determine the facts and to determine whether defendant has been prejudiced by the delay.

3. **Criminal Law § 34— defendant's guilt of other offenses — question improper**

In a prosecution for possession and sale of marijuana, the trial court erred in allowing the prosecuting attorney to ask defendant if anyone else besides the State's witness had ever approached him about buying marijuana, since that question had no probative value on the issue of defendant's guilt or innocence of the offenses for which he was tried but may have caused the jurors to speculate about other offenses committed by defendant of the nature of those for which he was being tried.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 3 December 1974 in Superior Court, JACKSON County. Heard in the Court of Appeals 25 August 1975.

By bill of indictment containing two counts defendant was charged with (1) the felonious sale and delivery to Dan Crumley on 17 May 1974 of more than five grams of the controlled substance marijuana and (2) the felonious possession with intent to deliver on 17 May 1974 of more than five grams of marijuana. He pled not guilty to both charges.

At defendant's trial Crumley testified that on 17 May 1974 he was a student at Western Carolina University and on that date went to defendant's room in Madison Dormitory where defendant sold him "$20. worth of marijuana," which on 23 May 1974 he turned over to S.B.I. Agent Maxey. The State's evidence showed that the green vegetable material which Agent Maxey received from Crumley on 23 May 1974 was delivered on 28 May 1974 to the State's chemist, who analyzed the material and found it to be 22.19 grams of marijuana.

Defendant testified that during 1974 and until June of that year he was a student at Western Carolina University, that he knew the State's witness, Crumley, and had seen him in and about Madison Dormitory, but that he did not at any time sell Crumley any marijuana.

The jury found defendant guilty of the charge contained in the first count of the bill of indictment but not guilty of the charge contained in the second count. From judgment imposed on the jury's verdict on the first count, defendant appealed.

*Attorney General Edmisten by Associate Attorney General Daniel C. Oakley for the State.*

*Morris, Golding, Blue & Phillips by William C. Morris, Jr., for defendant appellant.*

PARKER, Judge.

Prior to pleading to the indictment, defendant filed a written motion to dismiss the prosecution against him on the grounds that there had been an unreasonable delay between the time the State became aware of the alleged offenses and his being notified of the charges. In support of this motion defendant filed his affidavit in which he stated that no warrant was ever served upon him and that, although the indictment was returned as a true bill on 30 September 1974, no copy was furnished him until sometime in November 1974 and only then did he learn the nature of the offenses charged, the date on which they were supposed to have occurred, or the names of the witnesses against him. He alleged that by the time such information was made available to him, he was unable to remember precisely where he was on 17 May 1974, the names of persons he saw on that date, the classes he attended, the places he visited, or any other information which might be helpful to his defense. He asserted that if a warrant had been issued and served on him promptly after the State obtained its evidence against him, he would have been able to remember where he was on 17 May 1974 and might have been able to find witnesses to testify concerning both his and Dan Crumley's whereabouts and activities on that date. He contended that by this delay he was deprived of his constitutional right to a speedy trial and to due process of law in that his ability to defend was substantially prejudiced. The trial court denied defendant's motion without making any inquiry or determination as to the cause of the State's delay in bringing the charges or as to the effects of the delay upon defendant's ability to present a defense.

The right of an accused to have a speedy trial is, of course, part of the fundamental law of this State. In this context, "[t]he word 'speedy' cannot be defined in specific terms of days, months or years, so the question whether a defendant has been denied a speedy trial must be answered in light of the facts in this particular case. The length of the delay, the cause of the delay, prejudice to the defendant, and waiver by defendant are interrelated factors to be considered in determining

State v. Dietz

whether a trial has been unduly delayed." *State v. Brown,* 282 N.C. 117, 123, 191 S.E. 2d 659, 663 (1972). Whether a defendant has been denied the right to a speedy trial is a matter to be determined initially by the trial judge in light of the circumstances of each case. *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779 (1972).

[1] In the present case defendant does not complain of any delay in bringing him to trial once the charges against him were made known. He complains of the delay which occurred in bringing those charges. In this connection he points out that shortly after 17 May 1974 the State possessed all of the evidence which it presented at his trial, yet no warrant was ever served on him, the bill of indictment was not returned as a true bill until 30 September 1974, and even after that it was not until sometime in November that he was informed of the exact charges against him. He contends that the lapse of time made it difficult for him to recall the events of the day on which the offenses were allegedly committed or to find witnesses who might be able to provide helpful information or testimony. Our Supreme Court has recognized that under certain circumstances the interval between the time the State acquires information sufficient to justify a criminal prosecution and the time charges are brought may constitute such a delay as to violate the constitutional rights to a speedy trial. " 'Indeed, a suspect may be at a special disadvantage when complaint or indictment, or arrest, is purposefully delayed. With no knowledge that criminal charges are to be brought against him, an innocent man has no reason to fix in his memory the happenings on the day of the alleged crime. Memory grows dim with the passage of time. Witnesses disappear.' " *State v. Johnson,* 275 N.C. 264, 272, 167 S.E. 2d 274, 279-80 (1969). Moreover, one who has not been charged with a criminal offense has no duty to bring himself to trial. Prior to arrest or indictment he is in no position to demand a speedy trial and therefore cannot be deemed to have waived his right to the constitutional guarantee.

[2] From the record before us it is impossible to determine the reason for the State's delay in bringing the charges against the defendant, whether the delay was justified, or whether prejudice to defendant in fact resulted. These are matters which should have been determined by the trial judge after a sufficient hearing to allow him to find the facts. We do not suggest that each time a defendant contends that he has been denied a speedy trial, the trial judge must hold an evidentiary hearing.

*State v. Roberts,* 18 N.C. App. 388, 197 S.E. 2d 54 (1973). However, where, as here, there has been an unexplained delay and a substantial showing that the delay may have impaired defendant's ability to present a defense, the trial judge should hold a sufficient hearing to permit him to determine the facts and to apply the balancing test referred to in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed. 2d 101 (1972), taking into account the interrelated factors referred to in that case and in *State v. Brown, supra.* This should have been done in the present case.

**[3]**   On direct examination the defendant denied he had at any time sold marijuana to Dan Crumley and testified that "[o]n the occasions when Dan Crumley asked me to sell him marijuana, I simply refused him. I did not have any." On cross-examination, the prosecuting attorney asked:

> Question: "Has anyone else ever approached you about buying marijuana?"

Defendant's counsel promptly objected. The objection was over-ruled, and defendant answered, "Yes, sir, they have."

The prosecuting attorney's question was improper and defendant's objection should have been sustained. That other persons may have approached defendant about buying marijuana had no probative value on the issue of his guilt or innocence of the offenses for which he was tried. Anyone may be solicited to do an illegal act, yet evidence that this occurred fails to prove that he did so. Nevertheless, the solicitation carries with it the implication that the person making the request considers the person of whom the request is made as capable and even perhaps as willing to perform the illegal act requested. Thus, the jurors in this case may well have considered the prosecuting attorney's question and defendant's answer as the basis for determining that other persons had at least impliedly accused defendant of committing, or being willing to commit, offenses of the nature of those for which he was being tried. Defendant testified, but did not otherwise put his character in issue. For purposes of impeachment, he would have been subject to cross-examination as to convictions for unrelated prior criminal offenses. *State v. Norkett,* 269 N.C. 679, 153 S.E. 2d 362 (1967). But it is now settled that, for purposes of impeachment, "a witness, including the defendant in a criminal case, may *not* be cross-examined as to whether he has been *accused,* either

informally or by affidavit on which a warrant is issued, of a criminal offense unrelated to the case on trial." *State v. Williams*, 279 N.C. 663, 672, 185 S.E. 2d 174, 180 (1971). We hold that error was committed in overruling defendant's objection to the prosecuting attorney's question above noted. Moreover, we cannot agree with the contention set forth in the State's brief in this case that the error was not prejudicial to defendant. The State's entire case depended upon the jury's evaluation of the credibility of its witness, Crumley, as weighed against the credibility of defendant. That the jury experienced some difficulty in resolving the conflict in the testimony given by Crumley and that given by defendant is evidenced by the fact that, after receiving the case and deliberating for some time in the jury room, on being recalled before the judge, their foreman reported they were divided as to their verdict in both cases and asked if they could have a transcript of defendant's testimony for use in their further deliberations. The judge properly denied this request and instructed the jury to take their own recollection of what the testimony had been. However, the fact the request was made and the nature of the verdicts rendered in the two cases point up the difficulty which the jury experienced in resolving the conflict in credibility.

We have not passed upon all of defendant's assignments of error because the problems presented will probably not recur upon a new trial. For the errors noted above defendant is entitled to a

New trial.

Chief Judge BROCK and Judge ARNOLD concur.