IN THE SUPREME COURT OF NORTH CAROLINA

No. 132A16

Filed 18 August 2017

STATE OF NORTH CAROLINA

v.

CALVIN SHERWOOD WATTS

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 783 S.E.2d 266 (2016), reversing judgments entered on 31 October 2014 by Judge James Gregory Bell in Superior Court, Columbus County, and granting defendant a new trial. After hearing oral argument on 15 February 2017, the Court ordered the parties on 3 March 2017 to submit supplemental briefs. Additional issues raised in the supplemental briefs were determined without oral argument pursuant to N.C. R. App. P. 30(f)(1).

*Joshua H. Stein, Attorney General, by Laura E. Crumpler, Special Deputy Attorney General, for the State-appellant.*

*John Keating Wiles for defendant-appellee.*

PER CURIAM.

In October 2014, defendant Calvin Sherwood Watts was tried in the Superior Court in Columbus County on one count of first-degree rape, three counts of first-degree sexual offense with a child, and one count of kidnapping. The charges arose from defendant's alleged sexual assault on an eleven-year-old girl to whom defendant

was like a "grandpa." Before presenting the case to the jury, the State filed a notice of its intent to offer evidence pursuant to Rule of Evidence 404(b). *See* N.C.G.S. § 8C-1, Rule 404(b) (2015) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident."). A proposed State's witness planned to testify that defendant had forced his way into her apartment and raped her in 2003. Those alleged events resulted in the return of indictments for rape and for breaking or entering against defendant, but those charges were dismissed in 2005. Defendant filed a pretrial motion *in limine* seeking to prevent the admission of Rule 404(b) evidence in the present case.

Following arguments on the Rule 404(b) motions and a voir dire hearing, the trial court ruled that the challenged evidence was admissible under Rule 404(b) to show opportunity and plan, thereby permitting the witness to testify before the jury over defense counsel's repeated objections. At the conclusion of the witness's testimony, defense counsel "move[d] to strike the testimony . . . and ask[ed] for an instruction and in the alternative ask[ed] for a mistrial." The trial court denied defendant's motions and did not give the requested instruction to the jury. At the conclusion of the State's case-in-chief, the trial court dismissed the charge of first-degree rape and allowed the case to go forward on the lesser included offense of

attempted first-degree rape. The jury ultimately returned guilty verdicts on all four charges against defendant that were submitted to the jury.

Defendant asserts that his motion "for an instruction" was clearly a request for a limiting instruction regarding the Rule 404(b) evidence that had just been presented by the State's witness. The State, in contrast, contends that defendant's request was unclear and that he has thus waived the issue on appeal. We conclude that, viewed in context,[1] defense counsel's motion, while not as explicitly worded as would be the better practice, nonetheless was plainly a request for a Rule 404(b) limiting instruction. *See* N.C. R. App. P. 10(a)(1) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make *if the specific grounds were not apparent from the context*." (emphasis added)).

Our General Statutes provide that "[w]hen evidence which is admissible . . . for one purpose but not admissible . . . for another purpose is admitted, the court, upon request, *shall* restrict the evidence to its proper scope and instruct the jury accordingly." N.C.G.S. § 8C-1, Rule 105 (2015) (emphasis added). "Failure to give

---

[1] Specifically, the motion followed the State's notice of intent to introduce Rule 404(b) evidence from its witness, defendant's motion *in limine* to exclude that evidence, the arguments of counsel and the voir dire hearing on the issue, and defense counsel's repeated objections to the witness's testimony.

the requested instruction must be held prejudicial error for which [a] defendant is entitled to a new trial." *State v. Norkett*, 269 N.C. 679, 681, 153 S.E.2d 362, 363 (1967); *cf. State v. Stager*, 329 N.C. 278, 406 S.E.2d 876 (1991) (failure to give a limiting instruction not requested by a defendant is not reviewable on appeal); *State v. Jones*, 322 N.C. 406, 368 S.E.2d 844 (1988) (same). Accordingly, because defendant was prejudiced by the trial court's failure to give the requested limiting instruction, we affirm, as modified herein, the opinion of the Court of Appeals that reversed defendant's convictions and remanded the matter to the trial court for a new trial.

MODIFIED IN PART AND AFFIRMED.