### STATE v. SOPHENIA RAY GOODSON.

(Filed 28 February, 1968.)

**1. Criminal Law § 66—**

Testimony of a witness on direct and on cross-examination sufficiently identifying defendant as the person who committed the crime is not rendered incompetent by her earlier testimony that she "could not see" who fired the fatal shot, it appearing that the witness was merely referring to the fact that she did not know the defendant.

**2. Criminal Law § 86—**

Defendant may be cross-examined as to his prior convictions of unrelated criminal offenses when the purpose of such examination is to impeach his credibility as a witness.

**3. Criminal Law § 95—**

When evidence competent for one purpose and not for another is offered and admitted, it is incumbent upon the objecting party to request the court to restrict the consideration of the jury to that aspect of the evidence which is competent. Rule of Practice in the Supreme Court No. 28.

APPEAL by defendant from *Bundy, J.,* August 7, 1967 Regular Schedule A Criminal Session of MECKLENBURG.

Defendant was indicted for the murder of Robert Edward Yeldell. The State elected to prosecute for murder in the second degree. Evidence was offered by the State and by defendant. The jury returned a verdict of guilty of manslaughter. The court pronounced judgment imposing a prison sentence of ten years. Defendant excepted and appealed.

*Attorney General Bruton and Staff Attorneys Vanore and Shepherd for the State.*
*William G. Robinson for defendant appellant.*

PER CURIAM. A State's witness, Patsy Deloris Smith, testified she and Robert Edward Yeldell were walking on South Church Street, Charlotte, N. C., on the night of April 16, 1967, when Yeldell was shot twice and fell (mortally wounded) in the street. After testifying she "couldn't see who was doing it," she was permitted to testify on further direct examination over objections that defendant, who "was about six feet away" and who had "a big, old, shiny pistol in his hand," did the shooting. She testified she had not previously seen defendant and did not then know his name. In view of her subsequent testimony both on direct and cross-examination, it would seem the witness was confused when she testified she "couldn't see who was doing it," or that her intended meaning was that she

did not know the man who was doing it. Be that as it may, the record does not support defendant's contention that the solicitor's further inquiries as to the facts constituted an impeachment by the State of its own witness.

The court admitted in evidence over defendant's objection a statement signed by Patsy Deloris Smith at the police station on the night of April 16, 1967, in which she described the circumstances under which Yeldell was shot, gave a description of the person who did the shooting, and stated she could identify such person if she saw him again. The court instructed the jury the statement was not to be considered as substantive evidence but only as evidence tending to corroborate, if the jury found it did corroborate, the testimony of Patsy Deloris Smith at trial. The admission of the statement for this limited purpose was proper.

· There was ample evidence that defendant intentionally shot Yeldell and thereby proximately caused his death. Defendant testified he shot Yeldell but contended that he did so in self-defense.

Defendant did not bring forward the assignment of error based upon his exception to the court's refusal to grant his motion for judgment as in case of nonsuit. He was well advised. There was ample evidence to require that the case be submitted to the jury.

When cross-examining defendant, the solicitor was permitted, over objections by defendant, to question defendant as to whether he had been convicted of specific unrelated prior criminal offenses. Defendant admitted having been convicted in certain specific instances and denied having been convicted in others.

Admissions as to convictions of unrelated prior criminal offenses are not competent as substantive evidence but are competent as bearing upon defendant's credibility as a witness. Stansbury, North Carolina Evidence, Second Edition, § 112; State v. Sheffield, 251 N.C. 309, 312, 111 S.E. 2d 195, 197. No request was made that the court so instruct the jury. "It is a well recognized rule of procedure that when evidence competent for one purpose only and not for another is offered it is incumbent upon the objecting party to request the court to restrict the consideration of the jury to that aspect of the evidence which is competent." State v. Ray, 212 N.C. 725, 729, 194 S.E. 482, 484; Stansbury, op. cit., § 79; Rule 21, Rules of Practice in the Supreme Court, 254 N.C. 803. Compare State v. Norkett, 269 N.C. 679, 153 S.E. 2d 362, where a new trial was awarded because the court failed to comply with the defendant's request that such instruction be given.

Each of defendant's assignments of error has been considered.

None discloses prejudicial error. Hence, the verdict and judgment will not be disturbed.

No error.