STATE OF NORTH CAROLINA, Plaintiff v. ROBERT ANCEL WILLIAMSON, Defendant.

No. COA95-571

(Filed 16 April 1996)

**1. Evidence and Witnesses § 222 (NCI4th)— failure of defendant to appear for trial—evidence of flight—admissibility**

The trial court did not err in admitting evidence of defendant's failure to appear for trial, since such evidence was admissible as evidence of flight.

**Am Jur 2d, Evidence §§ 532 et seq.**

**2. Evidence and Witnesses § 2485 (NCI4th)— violation of sequestration order—witness's testimony properly excluded**

The trial court did not err in refusing to allow defendant to present the testimony of his girlfriend, since the court's decision was made after hearing the testimony of the witness as to her extended presence in the courtroom in violation of a sequestration order and her discussion of the testimony of defendant's accomplices with defendant's sister.

**Am Jur 2d, Trial §§ 245 et seq.**

**3. Criminal Law § 808 (NCI4th)— erroneous instruction— error cured by guilty verdict on lesser offense**

Though the trial court erred in instructing the jury with respect to assault with a deadly weapon with intent to kill inflicting serious injury by failing to require a specific intent by defendant separate from that of his accomplices, defendant was not prejudiced, since error in the instruction was rendered harmless by the jury's verdict convicting plaintiff of the lesser offense of assault with a deadly weapon inflicting serious injury, which required no finding of specific intent.

**Am Jur 2d, Trial § 1434.**

**4. Criminal Law § 796 (NCI4th)— requested instruction unsupported by evidence**

The trial court did not err in denying defendant's requested instruction that "Defendant cannot be convicted of a crime if he was merely present when others committed it," since it was clear

from the evidence that defendant was an active participant in the events rather than a mere bystander.

**Am Jur 2d, Trial § 724.**

**5. Criminal Law § 869 (NCI4th)— additional jury instructions—consultation with parties not required**

Where the trial court, in response to the jury's questions, merely repeated and clarified instructions it had previously given in its original charge to the jury and did not add substantively to those instructions, the instructions were not "additional instructions" as contemplated by N.C.G.S. § 15A-1234(c), and it was unnecessary for the trial court to consult with the parties and give them an opportunity to be heard prior to reinstructing the jury.

**Am Jur 2d, Trial § 1481.**

Appeal by defendant from judgments entered 7 October 1994 by Judge James U. Downs in Jackson County Superior Court. Heard in the Court of Appeals 30 January 1996.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Lorinzo L. Joyner, for the State.*

*Mark R. Melrose, P.A., for defendant-appellant.*

MARTIN, John C., Judge.

In true bills of indictment returned by the grand jury, defendant was charged with assault with a deadly weapon with intent to kill inflicting serious injury upon Willie Benjamin Spurlock, Jr., in violation of G.S. § 14-32(a), and with the felonious breaking or entering of a residence occupied by Benjamin Spurlock and his brother, Clifton Spurlock, in violation of G.S. § 14-54(a). Defendant entered pleas of not guilty.

At trial, the State offered evidence which, in summary, tended to show that on 30 March 1994, Christopher Milo and Jason Abrams went to see defendant to ask him if he would help them beat up Clifton Spurlock. Mr. Milo and Mr. Abrams had been hired by Lisa Sabbarth to beat up Clifton Spurlock because he had allegedly failed to pay her for some marijuana. Defendant agreed to help them.

The three men travelled together by car to the Spurlock residence. Mr. Abrams and Mr. Milo talked to Clifton Spurlock, pretend-

ing to be asking directions. After receiving the directions, the three men got in their car and left. They drove for approximately a half a mile, then parked their car along the side of the road, and returned on foot to the Spurlock residence. Mr. Milo carried a wooden baseball bat; Mr. Abrams carried a small metal bar, which defendant had brought.

They were greeted at the front door by Benjamin Spurlock, Clifton Spurlock's brother. After some small talk, Mr. Abrams asked for a glass of water. When Benjamin Spurlock went to get the glass of water, Clifton Spurlock and Clifton Spurlock's friend, Gina Bryson, could be seen inside the one room house watching television. Benjamin Spurlock returned with the glass of water, which he gave to Mr. Abrams. After taking a drink, Mr. Abrams threw the remaining water in Benjamin Spurlock's face, then hit him repeatedly with his fists and ran into the house. A scuffle ensued inside between Mr. Abrams, Clifton Spurlock and Ms. Bryson, during which Mr. Abrams struck Clifton Spurlock on the arm with the metal bar and Ms. Bryson hit Mr. Abrams with a shovel. Outside, defendant struck Benjamin Spurlock with his fists and Mr. Milo beat Benjamin Spurlock with the baseball bat.

Eventually, defendant, Mr. Milo and Mr. Abrams withdrew from fighting and left the Spurlock residence, returning to their car. They left the metal bar at the house and threw the bat into the woods. They were apprehended by police as they drove away. Benjamin Spurlock suffered a broken neck, a broken finger and hearing and vision problems as a result of the attack. The State also offered evidence tending to show that defendant failed to appear at the session of superior court at which his case was first scheduled for trial and that an order for his arrest was issued.

Defendant presented no evidence. The jury found defendant guilty of the lesser included offenses of assault with a deadly weapon inflicting serious injury and nonfelonious breaking or entering. He appeals from judgments entered upon the jury verdicts imposing concurrent terms of imprisonment.

---

Defendant brings forward eighteen separate assignments of error directed to the trial court's rulings admitting and excluding evidence, its rulings with respect to the sufficiency of the evidence to support the charges against him, its control of the jury arguments, its instruc-

tions to the jury, and its award of attorneys' fees to defendant's counsel. We find no prejudicial error in defendant's trial.

I.

[1] Defendant contends he is entitled to a new trial because the court erroneously allowed, over defendant's objection, a deputy clerk of court for Jackson County to testify that defendant did not appear at the session of superior court for which his case was first scheduled for trial. Defendant contends this evidence should have been excluded because it was not relevant to the issue of his guilt and was very prejudicial. We disagree.

When evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" it is relevant, G.S. § 8C-1, Rule 401, and is generally admissible. N.C. Gen. Stat. § 8C-1, Rule 402 (1992). Evidence of flight is a relevant circumstance to be considered by the jury, together with other circumstances, in determining the issue of a defendant's guilt. *State v. Irick*, 291 N.C. 480, 231 S.E.2d 833 (1977); *State v. Self*, 280 N.C. 665, 187 S.E.2d 93 (1972). However, even though relevant, evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." N.C. Gen. Stat. § 8C-1, Rule 403 (1992). "The decision whether to exclude relevant evidence under Rule 403 'is a matter left to the sound discretion of the trial court.'" *State v. Collins*, 335 N.C. 729, 734-35, 440 S.E.2d 559, 562 (1994), (quoting *State v. Stager*, 329 N.C. 278, 308, 406 S.E.2d 876, 893 (1991)).

We find no abuse of discretion in the trial court's admitting evidence of defendant's failure to appear for trial. One reasonable view of this evidence is that defendant, by failing to appear for trial, attempted to avoid prosecution for the offenses charged. Similar evidence has been held sufficient to support an instruction on flight. *See State v. Robertson*, 57 N.C. App. 294, 291 S.E.2d 302, *disc. review denied*, 305 N.C. 763, 292 S.E.2d 16 (1982).

Defendant also attempts to argue that the trial court erred by instructing the jury with respect to defendant's alleged "flight." However, his argument does not correspond to any assignment of error contained in the record on appeal. The scope of appellate review on appeal is confined to those issues presented by assignments of error set out in the record on appeal. N.C.R. App. P. 10(a).

Thus, the matter of the trial court's jury instruction on flight is not properly before this Court. *State v. Thomas*, 332 N.C. 544, 423 S.E.2d 75 (1992); *State v. Burton*, 114 N.C. 610, 442 S.E.2d 384 (1994). In any event, we find no error in the trial court's instructions with respect to flight. *Robertson*, 57 N.C. App. 294, 291 S.E.2d 302.

## II.

[2] Defendant also contends that the trial court deprived him of his constitutional right to present witnesses in his own defense by refusing to allow him to present the testimony of his girlfriend, Angela Hopper. The assignment of error is based on the trial court's ruling declining to grant defendant relief from a sequestration order entered upon defendant's motion. After the State completed its evidence, defendant moved to be permitted to present Ms. Hopper's testimony, even though she had not been listed as a potential witness for defendant and had been present in the courtroom during at least a portion of the State's evidence. The court conducted a *voir dire* hearing at which Ms. Hopper testified that she had been present during the testimony of two witnesses and had discussed other testimony with defendant's sister who had been present in the courtroom throughout the trial.

A ruling on matters involving the sequestration of witnesses is within the sound discretion of the trial judge, and is not reviewable absent a showing of abuse of discretion. *State v. Stanley*, 310 N.C. 353, 312 S.E.2d 482 (1984). A discretionary ruling is reversible only where it is shown that it could not have been the result of a reasoned decision. *State v. Gay*, 334 N.C. 467, 434 S.E.2d 840 (1993). Sequestration of witnesses deters them from tailoring their testimony based upon the testimony of earlier witnesses and aids in detecting testimony that is less than candid. *State v. Harrell*, 67 N.C. App. 57, 312 S.E.2d 230 (1984). Where a sequestration order has been violated, the trial court has discretion to exclude the witnesses' testimony. *State v. Williamson*, 110 N.C. App. 626, 430 S.E.2d 467 (1993).

The trial court's decision in this case was made after hearing the testimony of Ms. Hopper as to her extended presence in the courtroom in violation of the sequestration order and her discussion of the testimony of Mr. Abrams and Mr. Milo with defendant's sister. The trial court also heard arguments from both counsel and noted that the sequestration order had been entered upon defendant's motion. Under these circumstances, the ruling was not an abuse of discretion. This assignment of error is overruled.

### III.

**[3]** By several assignments of error, defendant contends the trial court committed reversible error in its instructions to the jury with respect to the State's theory of defendant's guilt based on the doctrine of acting in concert. Specifically, he contends that the instructions and subsequent reinstructions given to the jury on acting in concert as applicable to the offense of assault with a deadly weapon with intent to kill inflicting serious injury were incorrect and relieved the State of its burden of proving that defendant had the requisite specific intent to kill Benjamin Spurlock, necessary for conviction of the offense.

Under the doctrine of acting in concert, where a single crime is involved, one may be found guilty of committing the crime if he is at the scene acting together, in harmony or in conjunction with another with whom he shares a common plan to commit the crime, although the other person does all the acts necessary to effect commission of the crime. *State v. Abraham*, 338 N.C. 315, 346, 451 S.E.2d 131, 147 (1994). Where multiple crimes are charged,

> when two or more persons act together in pursuit of a common plan, all are guilty only of those crimes included within the common plan committed by any one of the perpetrators . . . . As a corollary to this latter principle, one may not be criminally responsible as an accomplice under the theory of acting in concert for a crime which requires a specific intent, unless he, himself, is shown to have the requisite specific intent . . . . In other words, one may not be found guilty of a crime requiring a specific intent under the acting in concert doctrine unless the crime was part of the common purpose or the specific intent on the part of the one sought to be charged is independently proven (citations omitted).

*Id.*

> In this case, the trial court instructed the jury, in pertinent part:

> Now, Members of the Jury, as to the business of whether the Defendant is guilty of assault with a deadly weapon with the intent to kill, inflicting serious injury, the State must prove the following things and all these things beyond a reasonable doubt. First, that the Defendant, or someone with whom he was acting in concert, assaulted Willie Benjamin Spurlock with a ball bat without justification or excuse. Second, that the Defendant,

individually, or someone with whom the Defendant was acting in concert, used a deadly weapon . . . . *Third, the State must prove beyond a reasonable doubt that the Defendant, or someone with whom he was acting, had the specific intent to kill the victim* . . . . Fourth, that the Defendant, or someone with whom he was acting in concert, inflicted serious injury upon Mr. Benjamin Spurlock (emphasis added).

The trial court also gave a similar instruction in response to a request by the jury to redefine acting in concert and the elements of felonious assault.

We agree with defendant that the italicized portion of the instruction was susceptible of interpretation by the jury as permitting defendant's conviction of the specific intent crime of assault with a deadly weapon with intent to kill inflicting serious injury based upon the specific intent to kill harbored, presumably, by Mr. Milo or Mr. Abrams and without finding such a specific intent to kill independently on the part of defendant. However, any error in the instruction was rendered harmless by the jury's verdict convicting defendant of the lesser offense of assault with a deadly weapon inflicting serious injury, which requires no finding of specific intent. *State v. Berkley*, 56 N.C. App. 163, 287 S.E.2d 445 (1982). Defendant made no showing that the verdict of guilty of the lesser crime was affected by the error with respect to the greater. We are satisfied that no prejudicial error was committed by the trial court.

IV.

[4]   Defendant also assigns error to the denial of his requested instruction that "the Defendant cannot be convicted of a crime if he was merely present when others committed it . . . ." When a requested instruction is not supported by the evidence, it is not error for the court to refuse to give such an instruction. *State v. Haskins*, 60 N.C. App. 199, 298 S.E.2d 188 (1982). In this case, the evidence tended to show that defendant knew that he was going to help his friends "scare" someone, and that he provided one of the weapons, the metal pipe, just in case it was needed to carry out their purpose. The evidence also showed that defendant helped to beat up Benjamin Spurlock, that he entered the Spurlock residence without the consent of the occupants, and that he subsequently grabbed and held Clifton Spurlock so that Mr. Abrams could escape from the house. Thus, it is clear that defendant was an active participant in the events, rather than a mere bystander, and the trial court did not err in refusing the requested instruction.

V.

**[5]** Defendant also contends the trial court erred when it responded to questions by the jury without first consulting with counsel and permitting defendant an opportunity to be heard concerning the instructions the court gave. Defendant argues the trial court acted in violation of G.S. § 15A-1234(c). We disagree.

After the jury retires to deliberate, the trial court may give appropriate additional instructions in response to an inquiry of the jury made in open court. N.C. Gen. Stat. § 15A-1234(a) (1988). Before the court gives such additional instructions, however, it "must inform the parties generally of the instructions [it] intends to give and afford them an opportunity to be heard." N.C. Gen. Stat. § 15A-1234(c) (1988).

Review of the instructions given by the trial court in response to the jury's questions discloses that the trial court merely repeated and clarified instructions it had previously given in its original charge to the jury, and did not add substantively to those instructions. Thus, the instructions were not "additional instructions" as contemplated by G.S. § 15A-1234(c) and it was unnecessary for the trial court to consult with the parties and give them an opportunity to be heard prior to reinstructing the jury. *See State v. Weathers*, 339 N.C. 441, 451 S.E.2d 266 (1994); *State v. Buchanan*, 108 N.C. App. 338, 423 S.E.2d 819 (1992); *State v. Farrington*, 40 N.C. App. 341, 253 S.E.2d 24 (1979). This assignment of error is overruled.

VI.

Defendant assigns error to the alleged failure of the trial court to reasonably compensate his court-appointed counsel, in violation of G.S. § 7A-458, though he fails to argue how his defense may have been prejudiced, or how he may otherwise be entitled to appellate relief, by reason of the award of fees to his counsel. In any event, the amount of an award of indigent counsel fees is clearly discretionary with the trial court and we specifically decline defendant's entreaty to hold the award in this case to be arbitrary, capricious or unreasonable.

VII.

We have carefully reviewed defendant's remaining assignments of error and find them to be without merit. Defendant received a fair trial, free from prejudicial error.

No error.

Judges EAGLES and MARTIN, Mark D., concur.