STATE v. FORD

[136 N.C. App. 634 (2000)]

———

STATE OF NORTH CAROLINA v. JOHN PHILLIP FORD

No. COA99-53

(Filed 15 February 2000)

## 1. Criminal Law— prosecutorial vindictiveness—additional charge

The trial court did not err in denying defendant's motion to dismiss a charge of first-degree sexual offense based on prosecutorial vindictiveness when defendant was initially charged with taking indecent liberties with a child before plea negotiations broke down because the decision to charge defendant with first-degree sexual offense was made before trial and defendant's assertions, without more, do not establish a showing of prosecutorial vindictiveness.

## 2. Witnesses— child—competency

The trial court did not abuse its discretion in a first-degree sexual offense and taking indecent liberties with a child case by

finding the four-year-old female victim competent to testify, even though she did not know what it meant to put her hand on the Bible and swear to tell the truth, because voir dire examination revealed that she knew what it meant to tell the truth since she stated, among other things, that she would get a spanking if she did not tell the truth. N.C.G.S. § 8C-1, Rule 601.

### 3. Evidence— hearsay—corroboration—excited utterance

The trial court did not commit plain error in a first-degree sexual offense and taking indecent liberties with a child case by admitting the testimony of the minor victim's mother, relating what the minor victim said about the attack when the child was picked up from day care, because: (1) even though the State did not specify the purpose for which the testimony was offered and defendant did not object or request a limiting instruction, the trial court informed the jury during its final instruction that the evidence of any out-of-court statement was to be received for corroborative purposes only, and this testimony did tend to corroborate the victim's in-court testimony; and (2) this testimony could have qualified as substantive evidence under the excited utterance exception of N.C.G.S. § 8C-1, Rule 803(2).

### 4. Sexual Offenses— first-degree sexual offense—indecent liberties—sufficiency of evidence

The trial court did not err in a first-degree sexual offense and taking indecent liberties with a child case by denying defendant's motion to dismiss because viewed in the light most favorable to the State, the evidence reveals: (1) the victim's testimony that defendant sexually attacked her was corroborated by the victim's mother, the social worker, and the detective; and (2) a witness testified she left the victim alone in defendant's care.

Appeal by defendant from judgment entered 30 July 1998 by Judge Thomas W. Ross in Forsyth County Superior Court. Heard in the Court of Appeals 26 October 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Sue Y. Little, for the State.*

*Urs R. Gsteiger for defendant-appellant.*

WALKER, Judge.

Defendant was convicted of first degree sexual offense and taking indecent liberties with a child. He was sentenced to a minimum of 360 months and a maximum of 441 months in prison.

The State's evidence tended to show the following: On 6 January 1997, the child (A.C.) was at the home of Emma Williams. For several years, Williams provided day care for A.C. while A.C.'s mother was at work. On this day, Williams was also looking after her great-grandson, J.P., and great-granddaughter, J.F. Defendant is the father of J.P. and J.F. A.C. was four years old at the time of the incident. Williams went to a bank with the defendant's wife and left defendant to watch the children while she was gone. Defendant took A.C. into the bathroom and sexually attacked her. The victim's mother picked her up at the end of the day and asked her about her day. The victim initially stated she did not want to talk about her day, but she eventually told her mother that she had choked that day because "J.P.'s dad" put "his pee thing" in her mouth. The next day, the victim repeated the same story to hospital personnel and to the detective investigating the matter.

After a *voir dire* examination, the trial court found A.C. competent to testify. A.C. testified that "J.P.'s dad" had put "his pee thing" in her mouth, which choked her. A.C.'s mother testified and corroborated what A.C. had told her about the attack. The social worker, who conducted an interview with A.C. at the hospital, testified that A.C. told her that the defendant "put his pee-pee in her mouth until she choked and coughed on his pee-pee and then he offered her candy." The investigating detective testified that A.C. made similar statements to him regarding the attack.

Defendant testified that, on this occasion, he went to the bathroom and that A.C. and his daughter entered the bathroom while he was there. Defendant denied ever touching A.C. The trial court denied defendant's motion to dismiss the charges.

[1] Prior to trial, defendant moved to dismiss the charge of first degree sexual offense on the basis of prosecutorial vindictiveness, which was denied by the trial court. Defendant contends the trial court's denial of his motion was error. Defendant was initially charged with taking indecent liberties with a child. When plea negotiations broke down, defendant was additionally indicted for first degree sexual offense. In denying defendant's motion, the trial court

relied on *Bordenkircher v. Hayes*, 434 U.S. 357, 54 L. Ed. 2d 604 (1978), and *United States v. Goodwin*, 457 U.S. 368, 73 L. Ed. 2d 74 (1982).

In *Goodwin*, the defendant was initially charged with several misdemeanors and petty offenses under federal law. The defendant entered plea negotiations regarding these charges but later refused to plead guilty to the charges and requested a jury trial. *Id.* at 371, 73 L. Ed. 2d at 79. Approximately six weeks later, the prosecutor sought and received an indictment including one felony count arising out of the same facts which constituted the lesser offenses. *Id.* The jury convicted the defendant on the felony count and the defendant moved to set aside the verdict based on prosecutorial vindictiveness. *Id.* In declining to apply a presumption of vindictiveness or make a finding of it, the Court recognized that:

> 'additional' charges obtained by a prosecutor could not necessarily be characterized as an impermissible 'penalty.' Since charges brought in an original indictment may be abandoned by the prosecutor in the course of plea negotiation—in often what is clearly a 'benefit' to the defendant—changes in the charging decision that occur in the context of plea negotiation are an inaccurate measure of improper prosecutorial 'vindictiveness.' An initial indictment—from which the prosecutor embarks on a course of plea negotiation—does not necessarily define the extent of the legitimate interest in prosecution. For just as a prosecutor may forego legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded.

457 U.S. at 379-80, 73 L. Ed. 2d at 84 (*citing Bordenkircher v. Hayes*, 434 U.S. 357, 54 L. Ed. 2d 604 (1978) (footnotes omitted). Also, the Court stated that "a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pre-trial decision." *Id.* at 381, 73 L. Ed. 2d at 85.

Here, the decision to charge defendant with first degree sexual offense was made before trial on the present charge. Defendant argues that since the State's indictment for first degree sexual offense was added only after plea negotiations broke down, a showing of vindictiveness was made. The State contends that the elements of first degree sexual offense have always been present and denies the fail-

ure to negotiate a plea played a part in the State seeking the indictment for first degree sexual offense.

"To presume that every case is complete at the time an initial charge is filed [. . .] is to presume that every prosecutor is infallible—an assumption that would ignore the practical restraints imposed by often limited prosecutorial resources." *State v. Rogers*, 68 N.C. App. 358, 383, 315 S.E.2d 492, 509, *cert. denied*, 311 N.C. 767, 319 S.E.2d 284 (1984) *(quoting Goodwin*, 457 U.S. at 382, n. 14, 73 L. Ed. 2d at 86). Additionally, it must be remembered that nothing else appearing, "a mere opportunity for vindictiveness is insufficient to justify the imposition of a prophylactic rule." *Id.* Finding *Goodwin* controlling, defendant's assertions, without more, do not establish a showing of prosecutorial vindictiveness.

[2] Defendant next contends the trial court erred in finding A.C. competent to testify, arguing that she did not know what it meant to put her hand on the Bible and swear to tell the truth. The *voir dire* examination of A.C. produced, in part, the following:

Q: Okay. And do you know what a lie is, [A.C.]?

A: If you don't tell the truth, you'll go to jail.

Q: And what happens if you don't tell the truth to your mommy?

A: I get a whipping.

. . .

Q: [A.C.], do you promise to tell the truth today about what happened between you and [the defendant]?

A: Yes.

. . .

Q: Do you know what it means when you put your hand on the Bible?

A: No.

At the conclusion of the *voir dire* examination, the trial court found that:

In this matter, the Court has had an opportunity to observe the testimony of [A.C.] That the Court finds for the record that she was asked a series of questions by the prosecution and by the defense. That her answers to the questions were reasonable in

light of the questions asked. That when asked specific questions, she appeared to know the answers to those questions including questions concerning her family, her school, and a demonstration in the courtroom involving a pen and a cup. Including all those matters and the age of the child, the Court finds that she is a competent witness and entitled to testify in these proceedings and that her credibility should be for the jury to determine.

The competency of witnesses is determined by Rule 601 of the North Carolina Evidence Code, which provides in pertinent part that "[e]very person is competent to be a witness" except "when the court determines that he is . . . (2) incapable of understanding the duty of a witness to tell the truth." N.C. Gen. Stat. § 8C-1, Rule 601 (a), (b) (1999); *State v. Gordon*, 316 N.C. 497, 502, 342 S.E.2d 509, 512 (1986). Our Supreme Court has defined competency as "the capacity of the proposed witness to understand and to relate under the obligation of an oath facts which will assist the jury in determining the truth of the matters as to which it is called upon to decide." *State v. Fearing*, 315 N.C. 167, 173, 337 S.E.2d 551, 554 (1985) (*quoting State v. Jones*, 310 N.C. 716, 722, 314 S.E.2d 529, 533 (1984)). The trial court "must rely on [its] personal observation of the child's demeanor and responses to inquiry on voir dire examination." *Id.* at 174, 337 S.E.2d at 555. The competency of a witness is a matter which rests in the sound discretion of the trial judge. *State v. Andrews*, 131 N.C. App. 370, 373, 507 S.E.2d 305, 307 (1998). "Absent a showing that the ruling as to competency could not have been the result of a reasoned decision, the ruling must stand on appeal." *State v. Hicks*, 319 N.C. 84, 89, 352 S.E.2d 424, 426 (1987).

The testimony in this case is similar to that in *Hicks*, where our Supreme Court affirmed the trial court's finding that a seven year old was competent to testify. The Court stated:

[A]lthough [the victim] did not understand her obligation to tell the truth from a religious point of view, and although she had no fear of certain retribution for mendacity, she knew the difference between the truth and a lie . . . . She indicated a capacity to understand and relate facts to the jury concerning defendant's assaults upon her, and a comprehension of the difference between truth and untruth. She also . . . affirmed her intention to [tell the truth].

319 N.C. at 88-89, 352 S.E.2d at 426.

A.C.'s testimony met the standard of Rule 601 and thus we find there was no abuse of discretion by the trial court in finding her competent to testify. *See Jones*, 310 N.C. at 722, 314 S.E.2d at 533 (finding as evidence of competency that the child knew that if she did not tell the truth she would get a spanking).

**[3]** Defendant also argues that the trial court erred in admitting hearsay testimony. A.C.'s mother testified that, while in the car after picking her up from day care, A.C. told her about the defendant's attack. While conceding the failure to object at trial, defendant argues that the trial court's admission of this hearsay testimony was plain and reversible error.

Evidence of an out-of-court statement of a witness, related by the in-court testimony of another witness, may be offered as substantive evidence[1] or offered for the limited purpose of corroborating the credibility of the witness making the out-of-court statement.[2] *See State v. Ferebee*, 128 N.C. App. 710, 715, 499 S.E.2d 459, 462 (1998). Although the better practice calls for the party offering the evidence to specify the purpose for which the evidence is offered, unless challenged there is no requirement that the purpose be specified. *See State v. Haskins*, 104 N.C. App. 675, 411 S.E.2d 376 (1991), *disc. review denied*, 331 N.C. 287, 417 S.E.2d 256 (1992). If the offering party does not designate the purpose for which the evidence is offered, the evidence is admissible if it qualifies either as corroborative evidence or competent substantive evidence. *State v. Goodson*, 273 N.C. 128, 129, 159 S.E.2d 310, 311 (1968); *State v. Chandler*, 324 N.C. 172, 182, 376 S.E.2d 728, 735 (1989). If admitted only for corroborative purposes *and* requested by a party, the trial court is required to instruct the jury that the evidence may be considered by them for the limited purpose of corroborating the witness making the out-of-court statement. *Goodson*, 273 N.C. at 129, 159 S.E.2d at 311. The trial court is not required to provide a limiting instruction unless requested by the party objecting to the use of the evidence as substantive evidence. *Id.*

In this case, although the State did not specify the purpose for which it offered A.C.'s mother's testimony about A.C.'s out-of-court

1. The evidence would qualify as substantive evidence if it was offered for the truth of the matter asserted and qualified as an exception under our hearsay rules. N.C. Gen. Stat. § 8C-1, Rule 803 (1999).

2. If offered simply as corroborative evidence and admitted for this limited purpose, the evidence does not constitute hearsay evidence because it is not offered to prove the truth of the prior out-of-court statement. As such this evidence does not qualify as an exception to the hearsay rule.

statement and defendant did not request a limiting instruction, the trial court, in its final instructions to the jury, informed the jury that evidence of any out-of-court statement was to be received for corroborative purposes only. In that this testimony did tend to corroborate A.C.'s in-court testimony, it was properly admitted for this purpose. In any event, we note that A.C.'s mother's testimony relating the child's out-of-court statements could have qualified as substantive evidence under the excited utterance exception of Rule 803(2). *See State v. Jones*, 89 N.C. App. 584, 367 S.E.2d 139 (1988) (child's statement to mother regarding sexual abuse made ten hours after leaving defendant's custody held admissible as excited utterance); *State v. Thomas*, 119 N.C. App. 708, 460 S.E.2d 349 (1995) (child's statement regarding child's sexual abuse admissible as excited utterance when made four to five days after the startling event).

[4] Finally, defendant contends that the trial court erred in denying his motions to dismiss for insufficient evidence. Defendant argues that A.C.'s inability to identify defendant in court and her inherently incredible testimony was not sufficient to justify submitting the case to the jury.

On a defendant's motion to dismiss for insufficiency of the evidence, the trial court must consider "whether there is substantial evidence of each essential element of the offense charged, or of a lesser included offense of that charged." *State v. Robbins*, 309 N.C. 771, 774, 309 S.E.2d 188, 190 (1983). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Scott*, 323 N.C. 350, 353, 372 S.E.2d 572, 575 (1988). The evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference. *State v. Wright*, 127 N.C. App. 592, 596-97, 492 S.E.2d 365, 368 (1997), *disc. review allowed*, 347 N.C. 584, 502 S.E.2d 616 (1998). Further, if the trial court determines that a reasonable inference of the defendant's guilt may be drawn from the evidence, it must deny the defendant's motion even though the evidence may also support reasonable inferences of the defendant's innocence. *Id.* at 597, 492 S.E.2d at 368.

A.C.'s testimony that "J.P.'s dad" sexually attacked her was corroborated by her mother, the social worker, and the detective. Williams testified that she left A.C. in the care of the defendant at her home. Taken in the light most favorable to the State, there was sufficient evidence from which the trial court could deny defendant's motion to dismiss.

No error.

Judges GREENE and TIMMONS-GOODSON concur.