STATE OF NORTH CAROLINA v. JAMES PATRICK McGRAW, SR.

No. COA99-167

(Filed 2 May 2000)

### 1. Evidence— minor child's testimony—alleged violation of sequestration order

The trial court did not abuse its discretion in an indecent liberties with a minor case by refusing to strike the testimony of the minor child victim, based on an alleged violation of the trial court's sequestration order when the minor child looked at her mother while testifying, because defendant has provided no evidence indicating the number of times or the frequency in which the minor victim looked at her mother during the testimony, nor has defense counsel argued that the trial court was even aware of these purported violations.

### 2. Appeal and Error— preservation of issues—failure to object—failure to argue plain error

Although defendant contends the trial court erred in an indecent liberties with a minor case by instructing the jury that it could consider the testimony of an officer concerning statements made by the minor victim only to impeach the credibility of the witness, rather than as corroborative evidence, defendant waived review of this issue since: (1) defendant did not object at trial to any portion of the jury instruction as required by N.C. R. App. P. 10(b)(2); and (2) defendant has not preserved the issue for plain error review by "specifically and distinctly" contending plain error as required by N.C. R. App. P. 10(c)(4).

### 3. Evidence— hearsay—not medical diagnosis or treatment exception—corroboration—excited utterance exception

Although the trial court erred in an indecent liberties with a minor case by allowing the minor child's mother to testify to statements made to her by the minor child after the incident with defendant based on the medical diagnosis or treatment exception of Rule 803(4), this testimony was still admissible because: (1) a witness's prior consistent statements are admissible to corroborate the witness's sworn trial testimony, and the minor child's trial testimony was nearly identical to her mother's testimony; (2) there is no requirement that a trial judge disclose the grounds on which he excludes or admits evidence since it is presumed that

the trial court had a valid reason; (3) if the offering party does not designate the purpose for which properly admitted evidence is offered, the evidence is admissible as either corroborative or substantive evidence; and (4) the testimony could have been admitted as substantive evidence under the excited utterance exception of Rule 803(2).

**4. Constitutional Law— effective assistance of counsel—failure to object to corroborative testimony**

Defendant's constitutional right to effective assistance of counsel was not violated in an indecent liberties with a minor case, based on defense counsel's failure to object to a police officer's testimony admitted to corroborate the minor victim's testimony, because even though the officer's testimony did not precisely reflect the minor victim's trial testimony, the testimony was not objectionable since it tended to confirm and strengthen the minor victim's testimony.

Judge GREENE concurring in the result.

Appeal by defendant from order entered 12 August 1998 by Judge Larry G. Ford in Cabarrus County Superior Court. Heard in the Court of Appeals 4 January 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Scott C. Robertson for the defendant-appellant.*

LEWIS, Judge.

Defendant was tried at the 11 August 1998 session of Cabarrus County Superior Court on one count of taking indecent liberties with a minor. The jury returned a verdict of guilty. Defendant was sentenced to an active sentence of nineteen to twenty-three months imprisonment, suspended except for a one-hundred seventy-two day term. Defendant appeals, making seven arguments.

**[1]** We will combine defendant's first two arguments for our analysis, as defendant has done on appeal. Defendant argues the trial court erred in refusing to strike the testimony of "K," the prosecuting witness in this case, which he contends was admitted during a violation of the court's sequestration order. Before K, a five-year-old child, testified at trial, the court sequestered all witnesses and one of K's parents, allowing her mother to remain in the courtroom. The court

STATE v. McGRAW

[137 N.C. App. 726 (2000)]

stated that during K's testimony, her mother should sit outside the child's direct line of vision, where K "would not be able to look" at her. According to the trial transcript, the court designated a place for K's mother to sit. Defendant now contends that since K did look at her mother while testifying at trial, the sequestration order was violated and the court should have thereby stricken K's testimony. We disagree.

Even if defendant were to establish that the sequestration order here was violated, defendant has failed to show that the testimony elicited during this purported violation must be excluded. The institution of a sequestration order is within the sound discretion of the judge and is not reviewable absent a showing of abuse of discretion. *State v. Williamson*, 122 N.C. App 229, 233, 468 S.E.2d 840, 844 (1996). A defendant's showing that a sequestration order has been violated does not result in automatic exclusion of the testimony elicited during the violation; the trial court has discretion to exclude the testimony. *Id.* Defendant has provided no evidence on appeal indicating the number of times or the frequency in which K looked at her mother during her testimony. Nor does defense counsel argue that the court was even aware of these purported violations. Without knowing the extent to which any purported violation occurred, we are unable to conclude either that a violation of the order occurred, or that the trial court abused its discretion. This assignment of error is overruled.

**[2]** Defendant next argues the trial court erred in its instruction to the jury on certain evidence admitted for corroborative purposes. Officer Audrey Charlene Bridges, who spoke with K following the incident in this case, testified concerning statements made by K. Officer Bridges' testimony was admitted to corroborate the testimony of K; however, the court instructed the jury that they "may consider this evidence that [K] made a prior inconsistent statement only to impeach the credibility of the witness." Our review indicates that defendant did not object at trial to any portion of the jury instruction as required by Rule 10(b)(2) of the Rules of Appellate Procedure. Nor has defendant preserved the issue for plain error review by "specifically and distinctly" contending plain error in his assignments of error as required by Rule 10(c)(4) of the Rules of Appellate Procedure. In failing to assert plain error, defendant has waived review by this Court. *State v. Moore*, 132 N.C. App. 197, 201, 511 S.E.2d 22, 25, *disc. review denied*, 350 N.C. 103, 525 S.E.2d 469 (1999).

**[3]** Next, defendant argues the trial court erred in allowing K's mother to testify to statements made to her by K after the incident with defendant because the statements were hearsay. The State maintains that this testimony falls within the hearsay exception for statements made for the purpose of medical diagnosis or treatment, Rule 803(4). We disagree with the State's argument, yet still conclude that the evidence was admissible.

Statements relevant to medical diagnosis or treatment have been recognized as an exception to the rule prohibiting hearsay testimony. N.C.R. Evid. 803(4). Statements made to an individual other than a medical doctor may constitute statements made for the purpose of medical diagnosis or treatment. *State v. Smith*, 315 N.C. 76, 84-85, 337 S.E.2d 833, 840 (1985). The trial court, nonetheless, must determine whether the proponent has met two inquiries before evidence may be admitted under Rule 803(4): "(1) whether the declarant's statements were made for purposes of medical diagnosis or treatment; and (2) whether the declarant's statements were reasonably pertinent to diagnosis or treatment." *State v. Hinnant*, 351 N.C. 277, 284, 523 S.E.2d 663, 667 (2000). The first inquiry requires the proponent to "affirmatively establish that the declarant had the requisite intent by demonstrating that the declarant made the statements understanding that they would lead to medical diagnosis or treatment." Id. at 287, 523 S.E.2d at 669. The purpose underlying this motive requirement is to assure the trustworthiness of the declarant's statements. Id. at 284, 523 S.E.2d at 668.

In determining the motivation for the declarant's statements sought to be admitted, the court may consider all objective circumstances of record surrounding the declarant's statements. *Id.* at 288, 523 S.E.2d at 671. In this case, K's mother testified that K explained defendant touched her in her "private part," was "rubbing her hard," and that it hurt. Our review of the record reveals no evidence that K made these statements to her mother with the understanding that they would lead to medical treatment. The mother's testimony does not reveal how this discussion was initiated, and there is no evidence that K understood her mother to be asking her about the incident in order to provide medical diagnosis or treatment. Because the first requirement under *Hinnant* is not satisfied, we conclude that this testimony was improperly admitted under Rule 803(4). Unlike the child-victim in *Hinnant*, however, K testified at trial. As such, we must consider whether K's statements to her mother were admissible to corroborate K's trial testimony.

It is well-settled that a witness' prior consistent statements are admissible to corroborate the witness' sworn trial testimony. *State v. Harrison*, 328 N.C. 678, 681, 403 S.E.2d 301, 303 (1991). Corroborative evidence by definition tends to "strengthen, confirm, or make more certain the testimony of another witness." *State v. Adams*, 331 N.C. 317, 328-29, 416 S.E.2d 380, 386 (1992). Corroborative evidence need not mirror the testimony it seeks to corroborate, and may include new or additional information as long as the new information tends to strengthen or add credibility to the testimony it corroborates. *State v. Petty*, 132 N.C. App. 453, 458, 512 S.E.2d 428, 432 (1999). Prior statements by a witness which contradict trial testimony, however, may not be introduced under the auspices of corroborative evidence. *Id.*

At trial, K testified that the defendant "touched her in her private part," and that it hurt. As stated earlier, K's mother later testified that K explained defendant touched her in her "private part," was "rubbing her hard," and that it hurt. K's trial testimony being nearly identical to the trial testimony of her mother, we conclude that the statements of K's mother in this case corroborated K's trial testimony, and were admissible for that purpose.

While it is better for the party offering the evidence to specify the purpose for which it is offered, unless challenged, there is no requirement that such purpose be specified. *State v. Ford*, 136 N.C. App. 634, 640, 525 S.E.2d 218, 222 (2000). If evidence is admitted for corroborative purposes, as it should have been here, the trial court is not required to provide a limiting instruction unless requested by the party objecting to the use of the evidence. *State v. Goodson*, 273 N.C. 128, 129, 159 S.E.2d 310, 311 (1968). We therefore conclude that the testimony of K's mother was properly admitted.

The concurring opinion sets forth a rule: "If the evidence is offered for multiple purposes and the trial court rules the evidence is admissible for some but not all of those purposes, the offering party must object to the trial court's ruling and cross-assign error to the ruling to preserve the ruling for appellate review." The trial court in this case simply admitted the testimony under the medical diagnosis or treatment exception to the hearsay rule—it did not specifically exclude admission under any of the other purposes argued, including that of corroboration. In our view, this asserted rule creates several great burdens required by no constitution, statute, case, rule or reason. For instance, under the asserted rule, the party offering the evi-

dence who received a favorable ruling by the trial court would nonetheless be made to object to that favorable ruling and to specifically object to every argument mentioned at trial for which the evidence was *not* admitted. The effect would be that the offering party would be made to preserve for appellate review an issue that may or may not be asserted on appeal by the opponent. Secondly, the trial court would be under a duty to specifically enumerate not only the rule under which it admits evidence, but each rule under which it is *not* admitting evidence, relevant to the possibly convoluted arguments asserted by the parties. There is no requirement that a trial judge disclose the grounds on which he excludes or admits evidence; on review it is presumed that the trial court had a valid reason. *McCombs v. McLean Trucking Co.*, 252 N.C. 699, 705-6, 114 S.E.2d 683, 687 (1960). Further, we find no authority requiring the trial court to disclose the grounds for which it is *not* admitting evidence. And under this newly proposed rule, this Court would be largely narrowed in its own review. If evidence was improperly admitted, but could have been admitted under a rule that no one realized at the time of trial, this Court would be effectively precluded from applying a rule that allows for admission of the evidence, forcing us to find error where none, in the substance of the case, occurred. This rule is not part of the majority opinion.

In addition to our conclusion that the testimony of K's mother was admissible for corroborative purposes, we note that if the offering party does not designate the purpose for which properly admitted evidence is offered, the evidence is admissible as either corroborative or substantive evidence. *Goodson*, 273 N.C. at 129, 159 S.E.2d at 311. Incidentally, the testimony of K's mother relating the child's out-of-court statements, which were made no longer than thirty minutes after the incident with defendant, could have also been admitted as substantive evidence under the excited utterance exception of Rule 803(2). *State v. Thomas*, 119 N.C. App. 708, 460 S.E.2d 349 (1995) (child's statement regarding child's sexual abuse admissible as excited utterance when made four to five days after the startling event); *State v. Jones*, 89 N.C. App. 584, 367 S.E.2d 139 (1988) (child's statement to mother regarding sexual abuse made ten hours after leaving defendant's custody held admissible as excited utterance).

**[4]** Defendant next argues his constitutional right to effective assistance of counsel at trial was violated because his trial counsel failed to object to the testimony of Officer Bridges. Defendant contends his

trial counsel should have objected when Officer Bridges' testimony, admitted to corroborate the testimony of K, was "different" from K's testimony.

To establish ineffective assistance of counsel, the defendant must satisfy a two-part test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674 (1984). *See also State v. Williams*, 350 N.C. 1, 18-19, 510 S.E.2d 626, 638 (1999). Under this test, the defendant must first show that counsel's performance fell below an objective standard of reasonableness as defined by professional norms; and second, the error committed was so serious that a reasonable probability exists that the trial result would have been different absent the failure of counsel. *Id.* To determine whether the defense counsel's performance fell below an objective standard of reasonableness, we must first ascertain whether Officer Bridges' testimony was objectionable.

In this case, Officer Bridges testified that K stated defendant had "rubbed her between her legs," which hurt, and asked her to keep it a secret, whereas K testified defendant touched her with his hand between her legs and held her hand up vertically to demonstrate, rather than horizontally, and that it hurt. K also testified that when defendant touched her he asked her to keep it a secret. Under the rules relating to corroborative evidence set forth above, we find that although Officer Bridges' testimony did not precisely reflect K's trial testimony, it tended to confirm and strengthen her testimony. We therefore conclude that this testimony properly corroborated the trial testimony of K. Accordingly, defense counsel did not inappropriately fail to object, and defendant has failed to satisfy the first part of the *Strickland* test.

We have reviewed defendant's remaining assignments of error and find them to be without merit.

No error.

Judge EDMUNDS concurs.

Judge GREENE concurs in the result.

Judge GREENE concurring in the result.

I agree with the majority that the testimony of K's mother regarding statements K made to her was not admissible under Rule 803(4)

as statements made for the purpose of medical diagnosis or treatment. I do not believe, however, that this Court can consider whether those statements were admissible under Rule 803(2) (excited utterance) or as corroborative evidence because the trial court ruled this evidence was admissible solely under Rule 803(4) and the State did not object to the trial court's ruling.

When a party offering evidence does not specify for what purpose the evidence is offered, "the evidence is admissible if it qualifies either as corroborative evidence or competent substantive evidence." *State v. Ford*, 136 N.C. App. 634, 640, 525 S.E.2d 218, 222 (2000). Upon a request by a party challenging the admissibility of the offered evidence, the offering party must specify the purpose for which the evidence is offered. *Id.* If the evidence is offered for multiple purposes and the trial court rules the evidence is admissible for some but not all of those purposes, the offering party must object to the trial court's ruling and cross-assign error to the ruling to preserve the ruling for appellate review. N.C.R. App. P. 10(b)(1), (d).

In this case, defendant objected to the testimony of K's mother relating to statements K made to her, and the trial court held a *voir dire* hearing on the issue. The State and defense counsel questioned K's mother and, at the conclusion of their questioning, the State argued the testimony of K's mother was admissible under the medical diagnosis and excited utterance exceptions to the hearsay rule and as corroborative evidence. The trial court then overruled defendant's objection to the evidence on the sole ground it was admissible under the medical diagnosis exception, thus implicitly denying the State's request to admit the evidence as an excited utterance or as corroborative evidence. Defendant noted his objection to the ruling; however, the State did not object to the trial court's denial of admission of the evidence as an excited utterance or as corroborative evidence. This issue, therefore, is not properly before this Court. Accordingly, I would hold admission of K's mother's testimony regarding statements made by K was error. Nevertheless, because there is no reasonable possibility based on other evidence admitted at trial that the result would have been different without the inadmissible testimony, *see* N.C.G.S. § 15A-1443(a) (1999), I would affirm defendant's conviction.